# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10825
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2018

Lyle W. Cayce
Clerk

CHIN KIM,

Plaintiff−Appellant,

versus

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED;
WELLS FARGO BANK, N.A.,

Defendants−Appellees.

\* \* \* \* \*

No. 17-10853
Summary Calendar

CHIN KIM,

Plaintiff−Appellant,

versus

CRAIG MUIRHEAD, as Substitute Trustee; BUCKLEY MADOLE, P.C.;
ROGER ELDARD, as Agent for Buckley Madole, P.C.,

Defendants−Appellees.

\* \* \* \* \*

No. 17-10932
Summary Calendar

CHIN KIM,

Plaintiff−Appellant,

versus

CONRAD CONSULTING, L.L.C.,

Defendant−Appellee.

No. 17-10825
No. 17-10853
No. 17-10932

_____

Appeals from the United States District Court
for the Northern District of Texas
No. 4:17-CV-144

_____

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

In regard to the foreclosure on his homestead, Chin Kim sued various actors, claiming a violation of the Federal Fair Housing Act, violation of the Fourteenth Amendment, violation of the Civil Rights Act of 1866, fraud and negligent misrepresentation; conversion, violation of the Fair Debt Collection Practices Act, and wrongful foreclosure. Kim sought damages and declaratory relief.

In comprehensive Memorandum Opinions, the district court dismissed as to all defendants. As for Kim's claim that he was discriminated against as an Asian-American, the court noted that the complaint made no more than conclusory assertions and that, in any event, the Fair Housing Act claim is barred by the two-year limitations provision. Regarding the Fourteenth Amendment, the court observed that Kim had not identified any state action. As for any claim of fraud or negligent misrepresentation, the court held that Kim had not complied with the strict requirements of Federal Rule of Civil Procedure 9(b). And the conversion claim was barred by Texas's two-year

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10825
No. 17-10853
No. 17-10932

limitations period.  Kim also failed to satisfy the one-year limitations of the Fair Debt Collection Practices Act.  As for wrongful foreclosure, the court noted that the selling price was 54% of the alleged value, which is not grossly inadequate as a matter of law.  Concerning wrongful eviction, the court reasoned that there was no valid claim against defendant Conrad because of the court's dismissal of the wrongful foreclosure claim against other defendants.

The district court soundly analyzed the law and the facts.  None of the claims against any defendant has merit.  The judgments of dismissal are AFFIRMED, essentially for the reasons convincingly explained by the district court in the various opinions and orders under review.